IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA

BENEDICTO SOTO,
Deceased,

    Plaintiff,

vs.

FAIRFIELD GOURMET FOOD CORP.,
d/b/a ANNIE'S EURO AMERICAN BAKERY,
a Foreign Profit Corporation,

    Defendant.
_____/

FILED
1/8/18

CLERK, U.S. DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO, FLORIDA

6:18-cv-45-orl-28GJK

## COMPLAINT

Plaintiff BENEDICTO SOTO ("SOTO" or "Plaintiff") serves this Complaint against Defendant FAIRFIELD GOURMET FOOD CORP., d/b/a ANNIE'S EURO AMERICAN BAKERY ("Defendant"), and states as follows:

### Introduction

1. This is an action by SOTO, a former employee of Defendant, against his former employer to remedy discrimination affecting the terms, condition and privileges of Plaintiff's employment and to redress the deprivation of rights secured to Plaintiff by the Age Discrimination in Employment Act, 29 U.S.C. § 621, et seq., ("ADEA"), and the Florida Civil Rights Act, Florida Statutes § 760.01 ("FCRA"). Additionally, Plaintiff has filed this action pursuant to Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000(e), et seq. ("Title VII"), and the FCRA to remedy national origin discrimination and to redress the deprivation of rights secured to Plaintiff pursuant to Title VII and the FCRA. Plaintiff seeks damages and a reasonable attorney's fee.

## Jurisdiction

2. Jurisdiction is conferred upon this Court by 28 U.S.C. §§ 1331 and 1343, by the ADEA, 29 U.S.C. 626(c)(1), by Title VII, 42 U.S.C. 2000e-5(f)(3), and by the FCRA, 28 U.S.C. § 1367.

3. The claim arose within the Middle District of Florida, which is where venue is proper.

## Parties and General Allegations

4. Plaintiff, a former resident of Orange County and of Hispanic decent, was at all times material employed by Defendant as a plant manager and was an employee as defined and/or envisioned by 29 U.S.C. § 203(e), 42 U.S.C. § 2000e(f), and 29 U.S.C. § 630(f). During his employment with Defendant, he was engaged in commerce or in the production of goods for commerce. Plaintiff was employed by Defendant from September 2015 to July 2016. Plaintiff was fifty-nine (59) years old at the time of his termination from employment with Defendant.

5. Defendant is a New Jersey corporation and with its principle place of business in Longwood, Seminole County, Florida. Defendant is and was, during the time that Plaintiff was employed by Defendants, an "employer" as defined/envisioned by 29 U.S.C. § 630(b), 29 U.S.C. § 203(d) and (s)(1), 42 U.S.C. § 2000e(b), and Fla. Stat. § 760.02(7).

6. The unlawful employment practices alleged below occurred within this judicial district. Plaintiff is protected by Title VII, the FCRA, and the ADEA because at the time of his termination he was a fifty-nine (59) year old member of a racially protected class.

7. On or about November 14, 2017, Plaintiff passed away. Plaintiff's heirs are in the process of opening an estate in the probate court where Plaintiff last resided. In an abundance of caution, the undersigned is filing this Complaint with the permission of Plaintiff's closest relatives in order to satisfy the relevant EEOC and FCHR deadlines.

### Exhaustion of Conditions Precedent / Administrative Remedies

8.  Plaintiff has fulfilled all conditions precedent to the institution of this action. Plaintiff's charge was duel filed with the Florida Commission on Human Relations ("FCHR") simultaneously with the EEOC charge; however, more than one hundred eighty (180) days elapsed from the time that Plaintiff filed with the FCHR without the FCHR either conciliating the matter or making a finding adverse to Plaintiff. The EEOC issued a Notice of Right to Sue, making the determination that it was unlikely the EEOC would be able to complete its administrative processing within 180 days of the filing of the charge. Therefore, all procedural requirements for the filing of Plaintiff's claims under Title VII and the FCRA have been met.

### Count I – ADEA – Discrimination

9.  Plaintiff, BENEDICTO SOTO, realleges, as if fully set forth in Count I, the allegations of Paragraphs 1 through 8 above.

10. Plaintiff was hired by Defendant in September 2015.

11. Upon Plaintiff's hiring, the director of operations mentioned his age, commenting that Plaintiff was "old enough to be a grandparent."

12. Within Plaintiff's first week of employment, his direct supervisor Jennifer Santos then expressed to him that she was surprised how old he was.

13. Regardless of his age, Plaintiff was qualified for the position he held with Defendant at the time he was hired and throughout his employment.

14. Defendant, nonetheless, informed Plaintiff on or about July 18, 2016, that they were terminating him since the company was downsizing.

15. Defendant, instead of downsizing, replaced Plaintiff with a substantially younger manager the day after his termination.

16. The Age Discrimination in Employment Act provides in pertinent part at § 623(a) that:

"It shall be unlawful for an employer –

(1) to fail or refuse to hire or to discharge any individual or otherwise discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's age…"

Id.

17. Defendant's behavior towards Plaintiff was based on his age and thus constituted age discrimination as proscribed by § 623(a)(1).

18. As a direct, natural, proximate, and foreseeable result of the actions of Defendant, Plaintiff has suffered loss of past and future earning capacity.

19. The discrimination against Plaintiff, of which Defendant's higher management engaged in, was a knowing or reckless violation of the ADEA, so as to entitle Plaintiff to an award of liquidated damages.

20. The age discrimination that Plaintiff suffered, in violation of his federal statutory right to be free from such discrimination, constitutes irreparable harm for which there is no adequate remedy at law.

21. Plaintiff is entitled to recover reasonable attorney's fees and costs against Defendants pursuant to 29 U.S.C. § 626(b) and 29 U.S.C. § 216(b).

WHEREFORE, Plaintiff prays that this court will grant judgment against Defendant:

    a. awarding Plaintiff front pay;

    b. awarding Plaintiff all lost wages found by the court to be due to him, including pre-judgment interest;

    c. awarding any and all other compensatory, consequential, liquidated, and punitive damages due to Plaintiff;

    d. awarding Plaintiff his costs, including a reasonable attorney's fee pursuant to 29 U.S.C. § 626(b) and 29 U.S.C. § 216(b); and

    e. granting such other and further relief as is just.

### Count II – FCRA – Age Discrimination

22. Plaintiff realleges, as if fully set forth in Count II, the allegations of Paragraphs 1 through 8 above.

23. Plaintiff was hired by Defendant in September 2015.

24. Upon Plaintiff's hiring, the director of operations mentioned his age, commenting that Plaintiff was "old enough to be a grandparent."

25. Within Plaintiff's first week of employment, his direct supervisor then expressed to him that she was surprised how old he was.

26. Regardless of his age, Plaintiff was qualified for the position he held with Defendant at the time he was hired and throughout his employment.

27. Defendant, nonetheless, informed Plaintiff on or about July 18, 2016, that it was terminating him. Defendant then replaced him with a substantially younger employee.

28. The FCRA, § 760.10(1)(a), Fla. Stat. (2016) provides in pertinent part:

"It is an unlawful employment practice for an employer –

(1) to discharge or to fail or refuse to hire any individual, or otherwise to discriminate against any individual with respect to compensation, terms, conditions, or privileges of employment, because of such individual's...age..."

Id.

29. Defendant's behavior towards Plaintiff was based on his age and thus, constituted age discrimination as proscribed by § 760.10(1)(a), Fla. Stat. (2016).

30. As a direct, natural, proximate, and foreseeable result of the actions of Defendant, Plaintiff has suffered loss of past and future pecuniary losses, inconvenience, and other non-pecuniary losses.

31. The discrimination against Plaintiff, of which Defendant engaged in, was a knowing or reckless violation of the FCRA, so as to entitle Plaintiff to an award of liquidated damages.

32.   The age discrimination that Plaintiff suffered, in violation of his federal statutory right to be free from such discrimination, constitutes irreparable harm for which there is no adequate remedy at law.

33.   Plaintiff is entitled to recover reasonable attorney's fees and costs against Defendant pursuant to the FCRA § 760.11(5), Fla. Stat. (2016).

WHEREFORE, Plaintiff prays that this court will grant judgment against Defendant:

  a.   awarding Plaintiff front pay;

  b.   awarding Plaintiff all lost wages found by the court to be due to him, including pre-judgment interest;

  c.   awarding any and all other compensatory, consequential, liquidated, and punitive damages due to Plaintiff;

  d.   awarding Plaintiff his costs, including a reasonable attorney's fee pursuant to the FCRA § 760.11(5), Fla. Stat. (2009) ; and

  e.   granting such other and further relief as is just.

### Count III – Title VII – Discrimination

34.   Plaintiff realleges, as if fully set forth in Count III, the allegations of Paragraphs 1 through 8 above.

35.   Plaintiff was employed by Defendant from on or about September 2015 to July 2016.

36.   Plaintiff was, at the time he was hired by Defendant and throughout his employment with Defendant, qualified for his position that he held.

37.   Plaintiff, along with his other co-workers of Hispanic and African-American national origin, were treated differently than their white co-workers throughout Plaintiff's employment.

38. Specifically, the general manager, Jennifer Santos, kept an "inner circle" of white managers and employees whom she exclusively listened to and took suggestions from.

39. Ms. Santos terminated the only other Hispanic manager at the time of Plaintiff's employment, without hesitation, upon suggestion from her "inner circle." This termination was without cause and in spite of the Hispanic manager's positive record, as well as Plaintiff's own positive remarks about him.

40. Additionally, a black maintenance manager, Larry, was also subject to harsh and disparate treatment from Ms. Santos on a consistent basis. This treatment included being screamed and cursed at in front of other employees and independent contractors, being sent away or cut off after asking questions, and in one case being suspended after somebody informed Ms. Santos that Larry was complaining about equipment. No other employees were ever treated in this way.

41. Despite Plaintiff's unprecedented productivity levels achieved for the company, he was terminated from his position at Annie's on July 18, 2016.

42. After his termination, Plaintiff was informed that he was being terminated because the company was downsizing. However, Plaintiff was replaced with a white manager the very next day after his termination.

43. Plaintiff, in being subjected to termination, suffered adverse employment action.

44. Plaintiff, being of Hispanic origin, is and was during his employment with Defendant, a member of protected classes as contemplated by Title VII.

45. Defendant's adverse actions as alleged above, affecting the terms and conditions of Plaintiff's employment, was taken against Plaintiff because he was of Hispanic origin.

46. Defendant's conduct more specifically alleged above violated Plaintiff's rights against discrimination, which discrimination is proscribed by Title VII, 42 U.S.C. § 2000e-2(a).

47. Pursuant to Title VII, Plaintiff is entitled to recover from Defendant:

   a. All lost wages that are due (including back pay and front pay);

  b.  pre-judgment interest;

  c.  compensatory, consequential, and punitive damages

  d.  The costs of this action, and;

  e.  A reasonable attorney's fee pursuant to 42 U.S.C. § 2000e-5(k).

WHEREFORE, Plaintiff prays that this court will grant judgment against Defendant:

  a.  awarding Plaintiff all lost wages found by the court to be due to him, including pre-judgment interest;

  b.  awarding any and all other compensatory, consequential, and punitive damages due to Plaintiff;

  c.  awarding Plaintiff his costs, including a reasonable attorney's fee; and

  d.  granting such other and further relief as is just.

### Count IV – FCRA – National Origin Discrimination

48. Plaintiff realleges, as if fully set forth in Count IV, the allegations of Paragraphs 1 through 8 above.

49. Plaintiff was employed by Defendant from September 2015 to July 2016.

50. Plaintiff was, at the time he was hired by Defendant and throughout his employment with Defendant, qualified for his position that he held.

51. Plaintiff, along with his other co-workers of Hispanic and African-American national origin, were treated differently than their white co-workers throughout Plaintiff's employment.

52. Specifically, the general manager, Jennifer Santos, kept an "inner circle" of white managers and employees whom she exclusively listened to and took suggestions from.

53. Ms. Santos terminated the only other Hispanic manager at the time of Plaintiff's employment, without hesitation, upon suggestion from her "inner circle." This termination was

without cause and in spite of the Hispanic manager's positive record, as well as Plaintiff's own positive remarks about him.

54. Additionally, a black maintenance manager, Larry, was also subject to harsh and disparate treatment from Ms. Santos on a consistent basis. This treatment included being screamed and cursed at in front of other employees and independent contractors, being sent away or cut off after asking questions, and in one case being suspended after somebody informed Ms. Santos that Larry was complaining about equipment. No other employees were ever treated in this way.

55. Despite Plaintiff's unprecedented productivity levels achieved for the company, he was terminated from his position on July 18, 2016.

56. After his termination, Plaintiff was informed that he was being terminated because the company was downsizing. However, Plaintiff was replaced with a white manager the very next day after his termination.

57. Plaintiff, in being subjected to termination, suffered adverse employment action.

58. Plaintiff, being of Hispanic origin, is and was during his employment with Defendant, a member of protected classes as contemplated by the FCRA.

59. Defendant's adverse actions as alleged above, affecting the terms and conditions of Plaintiff's employment, was taken against Plaintiff because he was of Hispanic origin.

60. Defendant's conduct more specifically alleged above violated Plaintiff's rights against discrimination, which discrimination is proscribed by the FCRA, § 760.10(1)(a), Fla. Stat (2016).

61. Plaintiff is entitled pursuant to the FCRA, to recover from Defendant:
    a. All lost wages that are due (including back pay and front pay);
    b. pre-judgment interest;
    c. compensatory, consequential, and punitive damages
    d. The costs of this action, and;

    e.    A reasonable attorney's fee pursuant to § 760.11(5) Fla. Stat.

WHEREFORE, Plaintiff prays that this court will grant judgment against Defendant:

    a.    awarding Plaintiff all lost wages found by the court to be due to him, including pre-judgment interest;

    b.    awarding any and all other compensatory, consequential, and punitive damages due to Plaintiff;

    c.    awarding Plaintiff his costs, including a reasonable attorney's fee; and

    d.    granting such other and further relief as is just.

### Jury Demand

Plaintiff demands trial by jury.

Dated: January 5, 2018
Plantation, Florida

Respectfully submitted,

s/Robert S. Norell
Robert S. Norell, Esq. (Fla. Bar No. 996777)
E-Mail: rob@floridawagelaw.com
**ROBERT S. NORELL, P.A.**
300 N.W. 70th Avenue
Suite 305
Plantation, FL 33317
Telephone: (954) 617-6017
Facsimile: (954) 617-6018
*Counsel for BENEDICTO SOTO*